**UNITED STATES of America, Plaintiff-Appellee,**

v.

**William R. BELL, Defendant-Appellant.**

**No. 77–1794.**

United States Court of Appeals, Seventh Circuit.

Argued Jan. 19, 1978.

Decided March 2, 1978.

James Geis, Chicago, Ill., for defendant-appellant.

Thomas P. Sullivan, U. S. Atty., James A. McGurk, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee.

Before PELL and TONE, Circuit Judges, and EAST, Senior District Judge.*

TONE, Circuit Judge.

The determinative question in this appeal from a judgment of conviction upon a plea of guilty is whether the District Court erred in failing to rule upon a motion to withdraw the plea of guilty before sentencing the defendant. Because we conclude that the court did err, we reverse and remand.

* The Honorable William G. East, Senior District Judge of the United States District Court for the District of Oregon, is sitting by designation.

In March 1976 an indictment was filed charging defendant and three others with bank robbery in violation of 18 U.S.C. §§ 2113(a) and 2113(d). In May 1976 defendant was arrested in Arizona. Before his return to Illinois, the trial of all four defendants was set for June 28. A Federal Defender Program staff attorney was appointed on June 8 to represent defendant but was allowed to withdraw on June 17 to attend a legal seminar. The new attorney, appointed for defendant on the latter date, immediately moved for a continuance, which was denied even though the government suggested that the trial date for all defendants be delayed to give the attorney time to prepare a defense. He renewed his request eight days later, three days before the trial, and that request was also denied.

On the trial date, June 28, 1976, defendant appeared with this attorney, withdrew his plea of not guilty, and entered a plea of guilty. He did so pursuant to a plea agreement, which provided that he would plead guilty both to the instant indictment and, under Fed.R.Crim.P. 20, to a federal indictment returned in California charging armed robbery; and, in return, the government would recommend concurrent sentences of 23 years incarceration on both charges. After a hearing on the plea, the District Court granted the motion, accepted the plea of guilty, entered a finding of guilty and a judgment thereon, and set sentencing for September 8, 1976. Because the necessary papers relating to the California indictment had not yet been received, the proceeding under Rule 20 was continued.

On July 28, 1976, defendant filed a lengthy *pro se* motion to withdraw his plea of guilty, together with a motion for leave to represent himself and a request for the appointment of "competent counsel to aid and provide meaningful assistance in the presentation of the defense and the saving of the record for appeal." These motions assert, among other matters, that his counsel had been denied the time necessary to prepare for trial and he had therefore entered a guilty plea as a "dilatory defense" and that he and his codefendants were innocent. Before the date set for sentencing defendant filed numerous other motions and petitions which are not relevant for present purposes.

The District Court did not rule on the motion to withdraw the plea of guilty before September 8, 1976, the date set for the sentencing hearing. At that hearing on that date, at which defendant's appointed counsel was present, defendant called the court's attention to his motion to withdraw his plea of guilty, asserting, as he had in the motion, that he was not in fact guilty and had only entered the plea as a "dilatory defense" in view of the inability of his counsel to prepare adequately for trial in the time allowed. Defendant also refused to agree to the disposition of the California indictment under Rule 20. The court allowed the defendant to represent himself at the hearing. Defendant's appointed counsel was allowed to assist, but defendant made the presentation with respect to the motion to withdraw the plea.

The court refused to postpone sentencing until after the motion to withdraw the plea was decided, and sentenced defendant to 23 years in the custody of the Attorney General. The Rule 20 proceeding was abandoned in view of defendant's refusal to consent to it.

A briefing schedule was set for the motion to withdraw the plea. Pursuant to that schedule and postponements later permitted, the government's response to the motion was not filed until March 8, 1977. Defendant's appointed counsel, who had been reduced to an advisory capacity at the sentencing hearing, was permitted to withdraw from the case altogether in December 1976. No other counsel was appointed to assist defendant. Defendant, without the assistance of counsel, filed a brief in support of his motion to vacate the plea on February 3, 1977. The motion to withdraw the plea was decided on the papers and denied on March 22, 1977, at which time the District Court noted that the California indictment had been dismissed.

We ordered that defendant's *pro se* letters to this court be treated as a timely

notice of appeal from the judgment of conviction and the denial of the motion to vacate the plea, and appointed counsel to represent defendant in this court. In addition to the brief filed by appointed counsel, we have received several *pro se* submissions from the defendant.

■ It is only necessary to consider one of the many arguments presented to us. We hold that it was error for the trial judge to proceed with sentencing before ruling upon a timely motion to withdraw the plea of guilty.

We express no opinion on the merits of that motion except to say that it is not frivolous in the context of the events in June 1976. On a Friday, 11 days before the scheduled trial date, the court had allowed appointed counsel for defendant to withdraw to attend a seminar and had appointed new counsel. The trial was to commence a week from the following Monday. An immediate motion for a continuance was denied, as was a motion made the following Friday, June 25. The trial was to start the next Monday. The contention that defendant's counsel was deprived of adequate time to prepare for trial and that the plea of guilty was influenced by this fact was entitled to consideration. We do not say that the plea was necessarily involuntary under these circumstances or that the court was required to allow it to be withdrawn. The matter, however, deserved and required further inquiry.

If the motion for change of plea had been made on the eve of the sentencing hearing, so that it reasonably could have been viewed as an effort to delay that hearing, there might have been some reason for the court to proceed with the sentencing hearing without deciding the motion, although even then it would have been better to rule on the motion before sentencing. But no such justification existed here. The motion was filed on July 28, some 42 days before the sentencing hearing. There was no reason the government could not have responded to the motion, or that the court could not have considered it and decided it, before the date of the hearing. Although testimony from defendant and his counsel might have been necessary for a satisfactory disposition of the motion, that too. could presumably have been accomplished before the date of the sentencing hearing. If unforeseen events made such scheduling impossible, a short postponement of the sentencing hearing would have been appropriate.

■ Rule 32(d), Fed.R.Crim.P., provides,

A motion to withdraw a plea of guilty . . . may be made only before sentence is imposed . . . ; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.

The rule plainly contemplates not only that the motion be filed before the time of sentencing but also that it be ruled upon before that time. Only "to correct manifest injustice" may the court allow withdrawal of the plea after sentencing. The trial court's citation of *United States v. Barker*, 168 U.S.App.D.C. 312, 514 F.2d 208, *cert. denied*, 421 U.S. 1013, 95 S.Ct. 2420, 44 L.Ed.2d 682 (1975), indicates that it was not applying the more severe standard for judging a motion to withdraw a plea that is applicable to motions filed after sentencing.[1] Applying the less severe presentence standard, however, is more difficult after sentencing than before and becomes increasingly so with the passage of time. A timely motion to withdraw a plea should be ruled on before sentencing to avoid not only the appearance of prejudgment but the danger that it will not be humanly possible to judge the motion by the correct standard.

The judgment is reversed and the case is remanded to the District Court with directions to vacate the sentence and the order denying the motion to withdraw the plea of guilty and to redetermine the latter

---

1. See *United States v. Stayton*, 408 F.2d 559, 560–561 (3rd Cir. 1969); *Kadwell v. United States*, 315 F.2d 667, 670 (9th Cir. 1963).

motion on the merits. Resentencing or a trial will follow, depending upon the ruling. In view of the possibility that counsel who served for defendant at the hearing on sentencing may be a witness, new counsel should be appointed for defendant. If defendant is so ill-advised as to refuse appointed counsel and insists on acting *pro se*, stand-by or advisory counsel should be appointed for him. Because it would be difficult for the same judge to redetermine a motion he has already ruled upon, the case should be assigned to a different judge for the proceedings required by our mandate.

Reversed and Remanded.