In the
United States Court of Appeals
For the Seventh Circuit

No. 99-1523

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

FREDERICK E. AVERY,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. 98 CR 101--David F. Hamilton, Judge.

Argued December 6, 1999--Decided March 31, 2000

Before Bauer, Diane P. Wood and Evans, Circuit
Judges.

Bauer, Circuit Judge.  Frederick E. Avery
("Avery") was indicted by a federal grand jury in
the Southern District of Indiana; four counts of
being a felon in possession of a firearm in
violation of 18 U.S.C. sec.922(g)(1) and three
counts of making false statements in connection
with the acquisition of firearms in violation of
18 U.S.C. sec.922(a)(6). At trial, Avery
represented himself and the jury found him guilty
on all counts. Avery appeals, claiming that his
waiver of counsel was not knowing and voluntary
and that even if it was he should have been given
another continuance of the trial date to prepare
his defense. He also appeals the District Court's
denial of his motion to compel the government to
produce certain evidence. We affirm.

I.  BACKGROUND

In 1987, Avery was convicted in New York state
under the name Earl Avery of criminal sale of a
controlled substance, a Class C felony. He was
sentenced to six months in prison and five years
probation.

Despite a federal law which prohibits a felon
from possessing a firearm, on August 4, 1997,
Avery purchased two firearms, a Bryco .380 pistol
and a Lorcin .25 caliber pistol, from Don's Guns

in Indianapolis. After selecting the guns, Avery filled out the necessary paperwork, using the name Frederick Avery. One of the forms, ATF Form 4473, asks "Have you ever been convicted in any court for a crime for which the judge could imprison you for more than one year, even if the judge actually gave you a shorter sentence?" Avery incorrectly answered "No."

One week later, on August 11, 1997, Avery purchased four more guns at Don's Guns, a Davis .380 pistol, a Mossberg .12 gauge pistol grip shotgun, a Lorcin .25 caliber pistol, and a Freedom Arms .22 caliber pistol. He filled out the paperwork again, and again responded that he had never been convicted of a felony. That same day Avery applied for an Indiana handgun license in the name of Frederick Avery. He falsely stated on the application that he had never been convicted of a felony offense. Based upon this false application, Avery was given an Indiana handgun license.

Apparently still in need of guns, on February 27, 1998, Avery went to Don's Guns and bought a Llama .45 caliber pistol, a Davis .380 caliber pistol, and a Lorcin .25 caliber pistol. In filling out ATF Form 4473, Avery again denied ever having been convicted of a felony. He also used his fraudulently obtained Indiana handgun license for identification to purchase the weapons.

At approximately 3:00 a.m. on February 28, 1998, Avery was stopped for a traffic violation by an Indianapolis Police Department officer. He had the Llama .45 caliber pistol he had purchased the day before, fully loaded and holstered on his hip. He also had the fully loaded Freedom Arms .22 caliber pistol in his pocket.

Sometime thereafter, one of the guns purchased by Avery was found in a Brooklyn apartment by New York Police Department officers executing a search warrant. The gun was traced back to Avery. A computer search revealed that Avery had purchased that gun, along with several others, at Don's Guns in Indianapolis. Authorities began investigating Avery and learned that he was a convicted felon.

Avery was arrested and charged with four counts of being a felon in possession of a firearm, one count for each of the three times he purchased weapons at Don's Guns and one count for having firearms on his person when he was stopped for the traffic offense on February 28, 1998. He was also charged with three counts of making false representations in connection with the acquisition of firearms, once for each of the

three times he wrongly denied on ATF Form 4473 that he had been convicted of a felony.

During his initial court appearance, an attorney from the public defender's office was assigned to represent Avery. Avery quickly became dissatisfied with that lawyer and within one month after the appointment filed a pro se motion to dismiss him as counsel. In the motion, Avery complained that the lawyer was not zealously representing him, that he and the lawyer clashed over defense strategy and that the lawyer refused to file certain pre-trial motions deemed necessary by Avery. The court granted Avery's motion and appointed a new lawyer to represent him.

Less than one week after receiving the appointment, the new lawyer filed a motion to continue the trial, which was scheduled to begin the following week. Avery professed his discontent at the potential postponement of his trial. Nonetheless, the trial court granted the motion and continued the trial for approximately one month.

Within days of the court's rescheduling of his trial Avery filed a letter and a pro se "Motion to Allow Defendant to Participate in Remainder of Proceedings as Co-Counsel." In it, Avery contended that his new lawyer violated his right to a speedy trial and asked that the trial proceed on the date originally scheduled. He also complained that the lawyer was not conducting the case as Avery wanted and that the lawyer refused to file several pre-trial motions which Avery thought necessary. Citing Faretta v. California, 422 U.S. 806 (1975), Avery claimed that he had a right to personally make his defense and that this could be done by allowing him to participate as co-counsel. The court denied the motion, stating that although Avery had a right to self-representation he did not have a right to "hybrid" representation.

Irreconcilable differences between Avery and his lawyer continued and four days before the rescheduled trial date, the new lawyer filed a verified motion on Avery's behalf for defendant to represent himself. At a hearing on the motion the following day, the court was advised that Avery still felt that his lawyer was not zealously representing him and that Avery and his lawyer had significant disputes over whether certain pre-trial motions should be filed. Avery stated that he believed his only hope of acquittal would be for him to personally present and argue his case to the jury. Despite having come to the hearing with several self-prepared pre-trial motions and motions in limine, Avery

claimed for the first time that he would need more time to prepare for trial and requested a continuance of the trial scheduled for the following Monday.

The court conducted an extensive inquiry of Avery to determine whether his decision to represent himself was knowing and voluntary. It questioned him about his educational background and asked what he had done to prepare to represent himself. The court also discussed with Avery each of the charges Avery was facing, the penalties for each of the charges, and the fact that the charges could run consecutively. When the court asked Avery if he understood all of that and whether he still wanted to represent himself, Avery stated that he did. The court then asked Avery about his knowledge of the sentencing guidelines, the Federal Rules of Evidence and the Federal Rules of Criminal Procedure, explaining that those rules would govern the trial.

The judge warned Avery that he did not believe that Avery would be better off representing himself, and advised Avery against self representation. He asked Avery if, in light of all of the difficulties he had explained to Avery, Avery still wanted to represent himself. Avery responded that he did. The court asked Avery if his decision was entirely voluntary and Avery responded that it was. The court then found that, based upon Avery's statements, Avery had knowingly, willingly and voluntarily waived his right to counsel under the constitution and that it would allow Avery to represent himself. The judge appointed Avery's second lawyer as standby counsel for trial.

During the hearing the court also addressed Avery's request to continue the trial date, noting with disfavor that Avery raised the issue on the eve of trial, with the court, the government, the witnesses and the prospective jurors being ready to try the case as scheduled. Given the fact that Avery had already asked for and received one continuance, the court denied Avery's motion to continue. But, in doing so, asked Avery whether he still wanted to proceed with self representation or whether he wanted to keep his appointed lawyer. Avery responded that he still wanted to represent himself.

The trial began the following Monday, with Avery representing himself and the appointed lawyer serving as standby counsel. Avery participated fully, objecting to prospective jurors, questioning most of the government's witnesses, and making opening and closing statements. He even conferred with standby counsel on occasion.

The jury convicted him on all counts. He was sentenced to a term of 87 months imprisonment on each of the seven counts, with the sentences to be served concurrently, to be followed by a three year term of supervised release. Avery was also ordered to pay a $5,000.00 fine and a $700.00 special assessment.

## II.  DISCUSSION

Avery raises three issues on appeal, all of which are reviewed for an abuse of discretion. In considering a defendant's waiver of his right to counsel, "we look to see whether 'the record as a whole demonstrates that the defendant knowingly and intentionally waived his right to counsel.'" United States v. Sandles, 23 F.3d 1121, 1126 (7th Cir. 1994), citing United States v. Clark, 943 F.2d 775, 780 (7th Cir. 1991). As to the defendant's request for a continuance of his trial, we will reverse the district court's denial only for an abuse of discretion and a showing of actual prejudice. United States v. Schwensow, 151 F.3d 650, 656 (7th Cir. 1998), cert. den. 119 S.Ct. 626 (1998) (citation omitted). A district court's denial of a defendant's motion to compel the government to disclose favorable evidence will be reversed only upon a finding of an abuse of discretion. United States v. Mitchell, 178 F.3d 904, 907 (7th Cir. 1999).

### A. Avery's Waiver Of His Sixth Amendment Right To Counsel

In Faretta v. California, 422 U.S. 806 (1975), the Supreme Court found that a criminal defendant is absolutely entitled to waive his right to the assistance of counsel and to proceed pro se when he voluntarily and intelligently elects to do so. Though he may ultimately conduct his own defense to his detriment, his choice must be honored as long as it is knowing and voluntary. Id. at 834. "Although a defendant need not himself have the skill and experience of a lawyer in order [to] competently and intelligently choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" Id. at 835, citing Adams v. United States ex rel. McCann, 317 U.S. 269, 279 (1942). When that is done, the defendant's decision to proceed pro se will not be disturbed.

To determine whether a defendant's decision to represent himself is knowingly and voluntarily made, we consider (1) whether and to what extent

the district court conducted a formal hearing into the defendant's decision to represent himself, (2) whether there is other evidence in the record that establishes that the defendant understood the disadvantages of self-representation, (3) the background and experience of the defendant, and (4) the context of the defendant's decision to proceed pro se. Sandles, 23 F.3d at 1126; United States v. Bell, 901 F.2d 574, 577-79 (7th Cir. 1990). If, after making these inquiries, we determine that the record as a whole demonstrates that the defendant knowingly and intentionally waived his right to counsel, we will uphold the district court's decision allowing the defendant to proceed pro se. United States v. Moya-Gomez, 860 F.2d 706, 733 (7th Cir. 1988).

Mr. Avery concedes that the District Court did conduct a formal inquiry, on the record. However, he claims that it was "perfunctory." To the contrary, the record establishes that Judge Hamilton conducted a thorough and detailed inquiry of Avery. He asked about Avery's education and experience, eliciting that Avery had attended, but not graduated from, college and had taken courses in business and "business law." He asked what Avery had done to prepare to represent himself. Avery responded that he had been reading the laws and cases relevant to the charges against him and that he had prepared several motions he wanted to file in his defense. The judge then queried the defendant about his knowledge of the criminal system, trial practice and his knowledge of the Federal Rules of Evidence and the Federal Rules of Criminal Procedure, forcing Avery to admit that he had never seen a trial conducted and that he was not very familiar with either the Federal Rules of Evidence or the Federal Rules of Criminal Procedure. Yet, despite acknowledging these insufficiencies, Avery announced his determination to waive counsel and proceed pro se.

Judge Hamilton did what he could to try to convince Mr. Avery not to represent himself. He told him the dangers of it, how much better he would be with an experienced criminal defense lawyer and that he would be on his own and that the court could not assist him during trial. Mr. Avery acknowledged all of this, stating that he knew what he was "up against" and exactly where he was "headed." He acknowledged that the rules governing trial procedure were complicated and that people who represent themselves at trial end up with disastrous results "98 percent of the time."

Reviewing the evidence before us, we do not

believe that the District Court abused its discretion in ruling that Avery's decision to represent himself at trial was made knowingly, intelligently and voluntarily. Indeed, the defendant said many times that it was. And, where, as here, the decision was made for tactical reasons, we are readily inclined to uphold it. See Bell, 901 F.2d at 579 (defendant's decision to represent himself based upon his attorney's unwillingness to present defendant's requested alibi defense upheld). The decision of the District Court finding Avery's waiver of counsel knowing and voluntary is therefore affirmed.


B.   Avery's Motion To Continue The Trial

On October 16, 1998, the last business day before his trial, Avery requested a continuance of the trial date. The District Court denied the motion and the trial began the following Monday, October 19th, as scheduled. Avery claims that this denial was an abuse of discretion and resulted in a violation of his due process right to a fair trial.

To establish that the District Court abused its discretion, Avery must show "that the denial of the continuance was arbitrary, and that actual prejudice resulted." United States v. Withers, 972 F.2d 837, 845 (7th Cir. 1992). Factors relevant to our determination include (1) the amount of time available for preparation, (2) the likelihood of prejudice from denial, (3) the defendant's role in shortening the effective preparation time, (4) the degree of complexity of the case, (5) the availability of discovery from the prosecution, (6) the likelihood the continuance would satisfy the movant's needs, and (7) the inconvenience to the court. Schwensow, 151 F.3d at 656 (citations omitted).

Avery concentrates primarily on the first and second of these factors. He argues that he had precious little time to prepare, having gotten the court's approval to represent himself only the Friday before the Monday trial date. Avery claims he would have used the time granted for a short continuance to complete his review of the Federal Rules of Evidence and the Federal Rules of Criminal Procedure, and the documents produced by the prosecution to his prior attorneys, among other things. We are not persuaded by any of these arguments because the record reveals that Avery had been preparing to represent himself long before the Friday hearing. He discharged his first lawyer because the lawyer prevented him from assisting in his own defense and because the lawyer failed to file several motions Avery had

prepared. Later, he filed a motion requesting to be appointed "co-counsel" so that he could dictate trial strategy. He even filed a pro se motion to suppress several weeks before trial, while he was still represented by counsel. And he brought ten self-prepared motions with him to the Faretta hearing. He was obviously very well versed in his case and additional time would hardly have been necessary.

We also point out that this was not a case of great complexity. To make its case, the government needed only to prove that Avery was a convicted felon, that he had possessed a firearm on the dates alleged in the indictment, that the guns had been in interstate commerce, and that it was Avery who filled out ATF Form 4473 denying he had been convicted of a crime which carried a possible sentence of more than one year. This case had already been pending three months and any evidence needed to negate those elements could easily have been obtained by the October 19, 1998 trial date.

We remind Avery that the situation about which he now complains was brought about entirely by his own actions. His decision to dismiss his lawyer on the eve of trial and proceed pro se was a decision he made at his own peril. It was not an abuse of discretion by the court to deny Avery's motion for additional time. The order of the District Court denying Avery's motion to continue trial is affirmed.

C. Avery's Motion for Discovery of Brady Material

Avery lastly argues that the District Court erred in denying his motion for discovery of certain potentially exculpatory or impeachment materials. He seeks documents and information supporting the search warrant for the apartment in New York where his gun was found. However, he cites no facts to indicate that the materials are even remotely favorable to him or his defense. "[T]he defendant is not entitled to have his request granted absent some indication that the [discovery] contains impeachment material of the kind requested." Mitchell, 178 F.3d at 909. We therefore find that the District Court did not abuse its discretion in denying Avery's motion and affirm the order entered by the District Court in that regard.

III. CONCLUSION

Every criminal defendant has an absolute right to defend himself if his decision to do so is knowing, intelligent and voluntary. Judge

Hamilton was in the best position to determine whether Avery's waiver of the assistance of counsel was made knowingly and voluntarily. His observation, which is backed by a considerable amount of objective evidence, is entitled to this Court's deference. As is his decision to deny Avery's motion to continue the trial. Throughout the pendency of the case, Avery repeatedly insisted on an undelayed trial, but would undermine his own words with his actions. When he did it for the last time, on the eve of trial, the judge was within his discretion in ordering that the trial proceed as scheduled since the government, the witnesses and the potential jurors were ready. For these reasons and the reasons stated above, the judgment of the District Court is affirmed.

AFFIRMED.