**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Gregory FORMAN, a/k/a Wheat,
Defendant–Appellant.**

No. 02–4228.

United States Court of Appeals,
Seventh Circuit.

Submitted April 28, 2003.

Decided April 28, 2003.

Before POSNER, MANION, and
WILLIAMS, Circuit Judges.

## ORDER

Gregory Forman pleaded guilty to distributing crack, 21 U.S.C. § 841(a)(1), and was sentenced to 262 months' imprisonment as a career offender. Forman appealed, but his attorney has moved to withdraw, asserting that there are no non-frivolous issues for appeal. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Our review is limited to the potential issues discussed in counsel's facially adequate *Anders* brief and in Forman's response filed pursuant to Circuit Rule 51(b). *United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997) (per curiam). Because an appeal based on those potential issues would be frivolous, we grant counsel's motion to withdraw and dismiss the appeal.

Counsel first considers whether Forman could challenge his guilty plea on the ground that it was not knowing or voluntary, but counsel concludes that such an argument would be frivolous because the district court substantially complied with Federal Rule of Criminal Procedure 11. Counsel addresses this issue because he could not confirm whether Forman wants to withdraw his guilty plea, though we note that Forman did not mention in his Rule 51(b) response that he wanted to withdraw his plea. *See United States v. Knox,* 287 F.3d 667, 671 (7th Cir.2002) (counsel should not explore Rule 11 argument in an *Anders* brief unless defendant wants to withdraw guilty plea). Nevertheless, for the sake of caution, we will address the issue. Because Forman did not move in the district court to withdraw his guilty plea, we would review his Rule 11 plea colloquy only for plain error. *See United States v. Vonn,* 535 U.S. 55, 122 S.Ct. 1043, 1046, 152 L.Ed.2d 90 (2002).

Counsel identifies three Rule 11 omissions, but we agree that none of them constitute plain error. First, the court did not advise Forman of a possible term of supervised release, *see* Fed.R.Crim.P. 11(b)(1)(H),[1] but that omission is not plain error because Forman's 262–month prison term, when combined with his 8–year term of supervised release, is still within the statutory maximum of life imprisonment for his offense, 21 U.S.C. § 841(b)(1)(B), and Forman knew of that maximum when he entered his plea, *see United States v. Elkins,* 176 F.3d 1016, 1021–22 (7th Cir. 1999). Second, the court did not notify Forman of its discretion to depart from

---

1. We cite to the current reorganized version of Federal Rule of Criminal Procedure 11 (effective December 1, 2002), though that version was not in effect when Forman pleaded guilty. The new version made no substantive changes relevant to Forman.

the sentencing guidelines, *see* Fed. R.Crim.P. 11(b)(1)(M), but that omission does not amount to plain error because the court did not depart from the guidelines when it imposed his sentence. Moreover, Forman acknowledged during the colloquy that he had discussed with his attorney how the sentencing guidelines would affect his sentence. Third, the court did not advise Forman of its authority to order restitution, Fed.R.Crim.P. 11(b)(1)(K), but that omission also does not rise to the level of plain error because the court did not impose restitution, and, in any event, the court apprised Forman of a possible fine of $4 million, *see United States v. Fox,* 941 F.2d 480, 484 (7th Cir.1991). Thus, any challenge to Forman's guilty plea would be frivolous.

Counsel next examines whether it would be frivolous to argue that the district court erred in denying Forman's motion to continue the sentencing hearing. We would review the court's denial only for an abuse of discretion, and Forman would have to show that he was actually prejudiced by the denial. *United States v. Avery,* 208 F.3d 597, 601 (7th Cir.2000). In his motion to continue, Forman claimed that he needed more time to negotiate with the government to qualify for a sentencing departure based on substantial assistance to authorities. *See* U.S.S.G. § 5K1.1. The government responded that additional time was unnecessary because Forman rejected a plea agreement requiring the government to make a § 5K1.1 motion and opted instead to accept an agreement with other terms. Moreover, the government argued, Forman's two codefendants (one being higher up on the distribution chain) had already given proffers, thus making Forman's information less valuable. In denying the motion to continue, the district court noted that "[t]he government hasn't been unfair by not making a motion for a downward departure because it's clear that

there wouldn't be any nature, extent, and value here for a downward departure." Thus, the court concluded, "[t]o continue the matter further would not be a proper administration of justice."

■ We agree with counsel that it would be frivolous to argue that the district court abused its discretion in denying Forman's motion to continue. Forman could not establish that he was prejudiced by the denial because the government was not required to bargain with him regarding a § 5K1.1 motion. The government made clear that it was finished bargaining with Forman and that no additional time was needed. In any event, the district court felt that there was no basis for a § 5K1.1 departure.

Finally, counsel considers potential challenges to Forman's sentence. Forman objected to several provisions in his presentence report, but the district court declined to rule on them because they did not affect his ultimate sentence. *See* Fed.R.Crim.P. 32(i)(3)(B). Two of Forman's objections concerned various criminal history points, but counsel is correct that it would be frivolous to challenge those points on appeal because Forman's career offender status mandates a criminal history category of VI. *See* U.S.S.G. § 4B1.1(b). Forman's other objection was that his offense level should have been reduced because he was a minor participant in the offense. *See* U.S.S.G. § 3B1.2. We agree with counsel, however, that such an argument would be frivolous because a downward adjustment for being a minor participant is not available to career offenders. *See United States v. Ward,* 144 F.3d 1024, 1035–36 (7th Cir.1998); *accord United States v. Johnson,* 155 F.3d 682, 683–84 & n. 4 (2d Cir.1998); *United States v. Beltran,* 122 F.3d 1156, 1160 (8th Cir.1997). But counsel also considers whether Forman could

argue that his objection based on § 3B1.2 could be interpreted as a motion for a downward departure and that the district court erred in denying the departure. Forman, however, waived this argument because he never requested such a departure and did not object to the paragraph in his presentence report stating that there was no basis for a departure. *See United States v. Staples*, 202 F.3d 992, 995 (7th Cir.2000). Accordingly, it would be frivolous to raise on appeal any of Forman's objections to his sentence.

Forman's Rule 51(b) response raises no additional potential grounds for appeal. Thus, we GRANT counsel's motion to withdraw and DISMISS the appeal.