VILLANTI, Judge.
Christopher Lee appeals the trial court’s'' denial of his presentenee motion to withdraw his plea. Lee argues that the trial court should have ruled on his motion before sentencing him. For the reasons discussed below, we agree and therefore reverse and remand with directions to grant Lee’s motion to withdraw his plea.
Pursuant to a negotiated plea agreement, Lee entered a plea of no contest to five counts of cocaine sale, cocaine possession, and driving while his license was suspended or revoked. The trial court accepted Lee’s plea and granted his request to defer sentencing for thirty days. During that thirty-day period, Lee filed a motion to withdraw his plea, claiming that he had been coerced by his mother and his attorney. The trial court set the motion for hearing on the same day as sentencing. However, Lee failed to appear, and a capi-as was issued for his arrest. He was eventually arrested and appeared for sentencing before a substitute trial judge. The substitute judge refused to hear the pending motion to withdraw the plea because it was not on the calendar and sentenced Lee. Lee filed another motion to withdraw his plea, and the trial court finally held a hearing. At the hearing, the trial court denied Lee’s motion, saying, “[I]f he had come in prior to sentencing and said, T don’t want this, I want my trial,’ I would have let him withdraw the plea, because I generally do.... [H]e didn’t show up, so that was his benefit of the bargain.”
When a defendant files a motion to withdraw a plea before sentencing under Florida Rule of Criminal Procedure 3.170®, the trial court must either deny the motion for facial insufficiency or grant an evidentiary hearing to develop the facts surrounding the entry of the plea. See Caddo v. State, 806 So.2d 520, 521 (Fla. 2d DCA 2001). The trial court here did neither. Instead, the court sentenced Lee without ruling on the pending motion. The Seventh Circuit has considered the dangers of proceeding to sentencing before ruling upon a timely motion to withdraw a guilty plea, warning that there would be an “appearance of prejudgment” by the court and that “it [would] not be humanly possible to judge the motion by the correct standard.” United States v. Bell, 572 F.2d 579, 581 (7th Cir.1978). This warning proved true in Lee’s case. The trial judge who finally heard Lee’s motion to withdraw his plea was not able to judge the motion by the correct standard — the pre-sentence “good cause” standard of rule 8.170(f) rather than the postsentence “manifest injustice” standard of rule 3.170(i). See Iaconetti v. State, 869 So.2d 695, 699 (Fla. 2d DCA 2004) (holding that a defendant who files a motion to withdraw a plea after sentencing has the burden of proving manifest injustice). Instead, the court said, “if he had come in prior to sentencing ... I would have let him withdraw the plea.” The trial court clearly understood that there is a more permissive standard for plea withdrawal before sentencing but applied the higher postsen-tencing standard.
*767 Rule 3.170(f) clearly contemplates that motions filed before sentencing will also be ruled upon before sentencing. Lee’s motion alleging coercion was timely filed, ten days before his sentencing hearing. Lee raised his desire to withdraw his plea again before sentencing by the substitute judge. Lee was entitled to the presen-tencing standard. Because the trial court said that it would have granted Lee’s motion if it had considered the motion before sentencing, as it should have, we reverse and remand with directions to vacate the judgment and sentence and to grant Lee’s motion to withdraw his plea.
Reversed and remanded.
WHATLEY and COVINGTON, JJ., concur.