EVANDER, J.
James Mclnturff appeals his judgment and sentence for trafficking in hydroco-done. He contends that the trial court erred in denying his motion to withdraw his guilty plea without affording him the opportunity to be heard on the motion. We agree and reverse.
After entering a guilty plea, Mclnturff subsequently appeared before the trial *297 court for sentencing. Prior to imposition of sentence, defense counsel requested the trial court permit Mclnturff to withdraw his plea. The State responded by arguing that a motion to withdraw plea must be in writing:
A [Motion to Withdraw Plea] needs to be brought to the Court in the form of a written motion and giving the State time to prepare.... In this case, I would like to see the written motion that the Defense would be bringing on this, if that’s truly what they’re asking for, so I can prepare a response accordingly.
The trial court then summarily denied the motion, finding that it was “untimely” and didn’t “follow the requirements.”
We initially observe that Mclnturffs motion was not untimely. Florida Rule of Criminal Procedure 3.170(f) provides that “[t]he court may in its discretion, and shall on good cause” permit a guilty plea to be withdrawn at any time before sentencing. See Lehmkuhle v. State, 20 So.3d 971 (Fla. 2d DCA 2009) (defendant entitled to be heard on his presentence motion to withdraw plea made during sentencing hearing); see also Morales v. State, 973 So.2d 679 (Fla. 2d DCA 2008); Gunn v. State, 643 So.2d 677 (Fla. 4th DCA 1994). Additionally, there is no requirement that a motion to withdraw a guilty plea be in writing. See Hughen v. State, 96 So.3d 1114, 1115 (Fla. 2d DCA 2012); Lehmkuhle; Morales.
We vacate Mclnturffs judgment and sentence and remand this case to the trial court to give Mclnturff an opportunity to be heard on his motion to withdraw the guilty plea.
REVERSED and REMANDED.
COHEN, J., concurs.
LAWSON, J., dissents, with opinion.