COHEN, J.
Mark Shores appeals the denial of his motion to set aside his plea. Finding that the trial court did not abuse its discretion, we affirm.
Shores was charged with several drug-related offenses, including trafficking in twenty-eight grams or more of Oxycodone. After a series of last minute negotiations, Shores pleaded guilty to a lesser-included offense, and he agreed to meet with law enforcement officials to potentially offer substantial assistance.
At sentencing, Shores orally requested to withdraw his plea. In essence, Shores *94 wanted to withdraw his plea because he had not read the discovery in his case at the time of the plea. The trial court denied the motion, finding that Shores had the discovery at the time he entered the plea, chose not to read it, and entered the plea freely and voluntarily. The trial court also noted that the motion was not in writing. On appeal, Shores argues that the trial court erred in denying the motion on the ground that it was not in writing.
Florida Rule of Criminal Procedure 3.170 provides that a trial court may, in its discretion, allow a defendant to withdraw a plea:
The court may in its discretion, and shall on good cause, at any time before a sentence, permit a plea of guilty or no contest to be withdrawn and, if judgment of conviction has been entered thereon, set aside the judgment and allow a plea of not guilty, or, with the consent of the prosecuting attorney, allow a plea of guilty or no contest of a lesser included offense, or of a lesser degree of the offense charged, to be substituted for the plea of guilty or no contest. The fact that a defendant may have entered a plea of guilty or no contest and later withdrawn the plea may not be used against the defendant in a trial of that cause.
Fla. R. Crim. P. 3.170(f). Shores is correct that the rule does not require that the motion to withdraw be in writing. See McInturff v. State, 111 So.3d 296 (Fla. 5th DCA 2013). Although the trial judge noted that the motion was not in writing, that finding does not appear to have been the reason for denial. Had it been, the trial court would have summarily denied the motion rather, than conduct a hearing. Instead, the denial was based on a finding that a defendant’s failure to read discovery until after the entry of a plea does not constitute good cause under Rule 3.170(f). We agree.[1]
AFFIRMED.
WALLIS and LAMBERT, JJ., concur.

. Additionally, considering that Shores rendered a full confession, he did not demonstrate how any information gleaned from the discovery would have aided him in his defense.