NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


MELVIN BENJAMIN,                              )
                                             )
        Appellant,                     )
                                             )
v.                                           )       Case No. 2D16-5289
                                             )
STATE OF FLORIDA,                            )
                                             )
        Appellee.                      )
_____)

Opinion filed November 29, 2017.

Appeal from the Circuit Court for Pinellas
County; Chris Helinger, Judge.

Howard L. Dimmig, II, Public Defender,
and Richard J. Sanders, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Katherine Coombs Cline,
Assistant Attorney General, Tampa, for
Appellee.


BLACK, Judge.

        Melvin Benjamin challenges his convictions and sentences for

manslaughter and felonious possession of a firearm.  Benjamin's sole argument is that

the trial court erred in denying his presentence motion to withdraw plea without

sufficient inquiry or conducting an evidentiary hearing. We reverse Benjamin's sentences and remand for further proceedings consistent with this opinion.

Benjamin was initially charged with second-degree murder and felonious possession of a firearm. The murder charge was a life felony, and Benjamin's lowest permissible guidelines sentence was forty-five years in prison. In exchange for a guilty plea, the State amended the information to charge manslaughter and felonious possession of a firearm and agreed to a twenty-five-year prison sentence on the manslaughter conviction and fifteen years' concurrent on the possession conviction, with the latter carrying a ten-year minimum mandatory term. The court accepted Benjamin's plea, and his sentencing was set off for two weeks in order to have the victim's family present.

At the beginning of the sentencing hearing, counsel stated, "Mr. Benjamin indicates this morning that he is wishing to withdraw his plea." When asked for a reason, counsel responded:

> I think buyer's remorse. I don't know. That [twenty-five]-year sentence would be essentially a life sentence which, obviously, we have discussed previously. And that he doesn't have his discovery which—he doesn't have his discovery. I don't take (unintelligible) discovery to them at the jail. We've reviewed discovery, reviewed the depositions, how those went, on a number of occasions.

The court then advised Benjamin that if he wanted to file a written motion he could do so but that the oral motion was denied. The court proceeded with sentencing.

Florida Rule of Criminal Procedure 3.170(f) provides that "[t]he court may in its discretion, and shall on good cause, at any time before a sentence, permit a plea of guilty or no contest to be withdrawn." "When a defendant files a motion to withdraw a

plea before sentencing under [rule] 3.170(f), the trial court must either deny the motion for facial insufficiency or grant an evidentiary hearing to develop the facts surrounding the entry of the plea." Lee v. State, 875 So. 2d 765, 766 (Fla. 2d DCA 2004).

The trial court made no inquiry as to the potential for conflict where counsel remarked that Benjamin had "buyer's remorse." See Grainger v. State, 906 So. 2d 380, 382 (Fla. 2d DCA 2005) ("[Counsel's] 'buyer's remorse' comment, which was made prior to Mr. Grainger being brought into the courtroom, was adverse to his client's interests and demonstrates a failure to act in a representative capacity. . . . Counsel's failure to act in a representative capacity for Grainger laid the groundwork for the third error which occurred when the trial court proceeded to entertain the motion on its merits without providing conflict-free counsel to Grainger."), disapproved on other grounds by Sheppard v. State, 17 So. 3d 275, 286-87 (Fla. 2009); Jones v. State, 74 So. 3d 118, 121 (Fla. 1st DCA 2011) ("Once [counsel] told the trial court that he did not believe Mr. Jones had (left to his own devices, without the assistance of counsel) stated a legally sufficient basis for withdrawing his plea, the relationship between Mr. Jones and [counsel] had plainly become adversarial."); cf. Clark v. State, 112 So. 3d 680, 681 (Fla. 4th DCA 2013) ("The [pro se] motion to withdraw for a change of heart and profession of innocence was legally insufficient to show good cause for withdrawal."). Further, "[e]ven if [counsel was] unpersuaded that the reasons alleged as a basis for withdrawal rose to the level of good cause, requiring the court to allow withdrawal, it is not apparent why [counsel] chose not to argue that the trial court should exercise its discretion" to permit her client to withdraw his plea. See Jones, 74 So. 3d at 121.

The trial court's failure to inquire is also troubling given the second basis upon which Benjamin sought to withdraw his plea: that Benjamin did not have his discovery. Without seeking elaboration on why the discovery might support withdrawal of Benjamin's plea, the court simply denied the motion. Cf. Shores v. State, 152 So. 3d 93, 94 (Fla. 5th DCA 2014) (concluding that the denial of the motion to withdraw plea based on defendant not having read his discovery was not an abuse of discretion where "the denial was based on a finding that a defendant's failure to read discovery until after the entry of a plea does not constitute good cause under [r]ule 3.170(f)"). Benjamin should have been given the opportunity to present argument and otherwise be heard on the motion to withdraw his guilty pleas. See Morales v. State, 973 So. 2d 679, 681 (Fla. 2d DCA 2008); see also Lehmkuhle v. State, 20 So. 3d 971, 974 (Fla. 2d DCA 2009) ("[T]he trial court here should have given Lehmkuhle an opportunity to be heard before ruling on his motion.").

Accordingly, we reverse Benjamin's sentences and remand for the trial court to conduct a hearing on Benjamin's motion to withdraw plea.

Reversed and remanded.

CASANUEVA and BADALAMENTI, JJ., Concur.