WALLIS, J.
*290 Johnathan Oshaun Gould appeals his judgment and sentences for attempted armed burglary of a conveyance with a firearm, attempted robbery with a firearm, possession of a firearm by a convicted felon, and aggravated assault while discharging a firearm. Gould raises two issues on appeal, and we find merit in one of them. Gould argues that the trial court erred by denying his ore tenus motion to withdraw his guilty pleas that he made prior to sentencing without giving him the opportunity to be heard. We agree and reverse.
At the sentencing hearing, in response to Gould's ore tenus motion to withdraw his previously entered guilty plea, the trial court asked if Gould had filed a written motion. When Gould explained that he had not, the trial court denied the motion and instructed Gould to file a written motion at an appropriate time.
As we explained in McInturff v. State, 111 So.3d 296, 297 (Fla. 5th DCA 2013), "there is no requirement that a motion to withdraw a guilty plea be in writing," and a motion raised at a sentencing hearing, but prior to the imposition of sentence, is a timely Florida Rule of Criminal Procedure 3.170(f) motion. Based on the record, the trial court, like the court in McInturff, denied the motion because it was not written. See id. This was reversible error because a written motion was not required, and the trial court should have given Gould an opportunity to be heard on his motion. See id.; see also Lehmkuhle v. State, 20 So.3d 971, 974 (Fla. 2d DCA 2009) ("The trial court here should have given Lehmkuhle an opportunity to be heard before ruling on his motion."); Morales v. State, 973 So.2d 679, 681 (Fla. 2d DCA 2008) (holding that defendant who orally moved to withdraw plea at beginning of sentencing should have been given opportunity to present argument and be heard on his motion to withdraw plea before sentencing). Accordingly, we reverse and remand the case to the trial court to hold a hearing on Gould's motion.
REVERSED and REMANDED with Instructions.
ORFINGER and LAMBERT, JJ., concur.