PER CURIAM.
Gary Joe Smith was convicted upon his plea of nolo contendere to two counts of attempted sexual battery on a child less than twelve years of age. §§ 777.04(4) and 794.011(2), Fla.Stat. (1987). He contends that the trial court erred in denying his motion to withdraw the plea and proceed to jury trial without affording him an eviden-tiary hearing. See Rule 3.170(f), Fla.R. Crim.P. The motion, made pro se[1] prior to the imposition of sentence, asserted essentially that when the plea was entered he had been drinking a substantial quantity of liquor, that he “had drank too much,” that he was scared and under much stress and duress, that he did not commit the offenses charged, and that he wanted a jury trial. Smith also asserted that he had witnesses who could testify that he was drinking. We conclude that the grounds of the motion were sufficient to warrant an eviden-tiary hearing at which the defendant could present testimony in support of his contentions. See Yesnes v. State, 440 So.2d 628, 634 (Fla. 1st DCA 1983). Accordingly, the cause is reversed and remanded for further proceedings consistent herewith.
ERVIN, NIMMONS and ZEHMER, JJ., concur.

. The defendant personally requested the court to permit him to withdraw the plea. The public defender representing appellant stated he was not in position to make any comment on the defendant’s motion at that time.