PER CURIAM.
Larry Black appeals his convictions and sentences entered on his pleas of nolo con-tendere pursuant to a written plea agreement in two criminal cases. In circuit court case number 90-2061, Black was found guilty of possession of cocaine and sentenced to 5 years’ imprisonment. In circuit court case number 90-3656, he was found guilty of the sale of cocaine and sentenced to 10 years’ imprisonment, to be served concurrently with the sentence in ease number 90-2061. In both instances, he was sentenced as a habitual felony offender.
We hold that the trial court erred in failing to rule on Black’s request to withdraw his plea made at the sentencing hearing when he became aware that the trial court would impose a 10-year habitual felony offender sentence for the offense in case number 90-3656. Upon hearing this sentence, Black immediately objected, arguing to the court that he signed a deal for 4½ to 5½ years, and that his court appointed attorney had previously told him that the sentence would be within that range. At that time, Black’s attorney commented on the record that he only told Black that such range was a “possible sentence.” Thus, a potentially serious misunderstanding about the essential terms of the plea agreement became evident at this point, making it incumbent upon the trial court to make further inquiry to determine Black’s understanding about the plea agreement sentence and whether he should be allowed to withdraw his plea. However, the trial court only inquired whether Black had signed the written plea agreement the court had previously reviewed with him, declined to hear any further argument from Black on the matter, and proceeded to impose the 5-year sentence in case number 90-2061. In view of the misunderstanding between Black and his attorney made apparent on the record, the trial court erred in not fully developing the factual matters relevant to this issue and ruling on Black’s request to withdraw his plea at that time. See Golden v. State, 509 So.2d 1149 (Fla. 1st DCA 1987) (a plea may be withdrawn where the judge abides by the plea agreement but the defendant was induced to enter the plea by a mistake or misunderstanding). See also Ryals v. State, 516 So.2d 1092 (Fla. 5th DCA 1987) (a trial judge should be liberal in the exercise of his discretion and allow the withdrawal of a plea of guilty where it is shown that the plea was based on a failure of communication or misunderstanding between the defendant and his attorney). Accordingly, we reverse the convictions and remand for further proceedings to determine whether Black’s request to withdraw the plea should be granted. We express no opinion on whether the request should or should not be granted.
*1382 We reject the state’s contention that we should dismiss this appeal because Black did not make a timely motion to withdraw the plea. We recognize that Black was represented by an attorney at the sentencing hearing and that his attorney made no such motion at the time; but Black clearly stated on the record that he wanted to “take my agreement back” because of the misunderstanding about the sentence. The purpose of a trial court’s inquiry into voluntariness of the plea required by the rules[1] is to determine that the negotiated plea was not the product of coercion or improper inducement attributable to a promise of a more favorable sentence. Since Black’s direct request was sufficient to require the trial court to determine whether to allow him to withdraw his plea based on the asserted misunderstanding, the state’s motion to dismiss will be denied.
The judgments of conviction and sentences are reversed and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
SMITH, J., concurs.
ZEHMER, J., specially concurs with written opinion.
WEBSTER, J., concurs in result only.

. Rules 3.170 and 3.172, Fla.R.Crim.P.