662 So.2d 1372 (1995)
Laverne SANDERS, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2824.
District Court of Appeal of Florida, First District.
November 27, 1995.
*1373 Nancy A. Daniels, Public Defender; P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; James W. Rogers, Senior Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Laverne Sanders appeals her conviction and sentence for accessory after the fact to attempted first degree murder. On appeal, Ms. Sanders argues that the trial court erred in refusing to permit her to withdraw her plea. We reverse and remand.
On July 11, 1994, Ms. Sanders was charged, by amended information, with attempted first degree murder. She agreed to enter a plea of nolo contendere to accessory after the fact on July 18, 1994, in exchange for a five-year sentence. At the July 18, 1994 hearing, the circuit court indicated that it was willing to accept the plea because of certain "proof problems" which, according to the state, included statements from the codefendant that Ms. Sanders was not guilty but he was going to "take her down with him."
THE COURT: All right. This is an extremely serious case. I would be willing to accept a plea on those terms because of the proof problems that have been indicated to me, possible proof problems.
MS. ASHLEY: And for the record, I may state that is that an eye witness standing at the scene identified the driver of the car was a white male with a mustache. Our facts would indicate that the driver of the car was Laverne Sanders, who is a black female.
The second problem is that there were statements made by the shooter, George DeCosta, in the Duval County Jail after the shooting that his lady wasn't standing by him, and he was going to take her down with him. His lady was Laverne Renee Sanders.
During the plea colloquy, the court inquired into whether Ms. Sanders had been promised anything, besides the five-year sentence, in exchange for her plea, but did not inquire into whether Ms. Sanders had been threatened or coerced. The circuit court accepted the plea as freely and voluntarily given and delayed sentencing until July 26, 1994.
At the July 26, 1994 proceeding, Ms. Sanders indicated that she wanted to withdraw her plea on the basis that her counsel was ineffective. The circuit court did not permit Ms. Sanders to withdraw her plea but scheduled a hearing on the matter for August 23, 1994.
At the August 23, 1994 hearing, Ms. Sanders argued, inter alia, that her trial counsel *1374 was ineffective for not getting a wire tap on her telephone because her codefendant was calling her and harassing her. Ms. Sanders also stated that she had a tape recording of her codefendant threatening her mother's life if she didn't take the plea.
MS. SANDERS: ... I asked him [defense counsel] to get me a subpoena so I could have my phone tapped because my codefendant was calling me, threatening me, harassing me and my family, that I'd better take this time, because he's not going to come back and tell the truth because he would get more time. And I asked him to please get me a wire tap so I could tape our conversation. He told me no, he couldn't do that.
The [co]defendant called me last week while he was here in Tallahassee. They're keeping him so informed in my case, he can call me and tell me everything that's going on. I have a tape here where he threatened my mother's life if I did not take the plea.
The circuit court did not inquire into whether Ms. Sanders entered the plea as a result of these threats nor did it request the tape. Rather the circuit court concluded that the plea was freely and voluntarily entered and that there was no legal basis to permit Ms. Sanders to withdraw her plea. Ms. Sanders was adjudicated guilty and sentenced to five years in prison and given 111 days credit for time served.
Florida Rule of Criminal Procedure 3.170(f) provides that "the court may in its discretion, and shall on good cause, at any time before a sentence, permit a plea of guilty to be withdrawn[.]" "[T]his rule should be liberally construed in favor of the defendant." Yesnes v. State, 440 So.2d 628, 634 (Fla. 1st DCA 1983) (citing Adler v. State, 382 So.2d 1298, 1300 (Fla. 3d DCA 1980)). "A defendant should be permitted to withdraw a plea `if [s]he files a proper motion and proves that the plea was entered under ... fear, promise, or other circumstances affecting h[er] rights' (emphasis supplied)." Id. (quoting Baker v. State, 408 So.2d 686, 687 (Fla. 2d DCA 1982)).
In the present case, "the trial court erred in not fully developing the factual matters," Black v. State, 599 So.2d 1380, 1381 (Fla. 1st DCA 1992), relevant to the alleged threats and coercion by the codefendant. "[T]he grounds of the motion were sufficient to warrant an evidentiary hearing at which [Ms. Sanders] could present testimony in support of h[er] contentions." Smith v. State, 550 So.2d 174 (Fla. 1st DCA 1989). If the plea was entered as a result of threats and coercion from her codefendant, it was not freely and voluntarily entered. On remand, the circuit court, in its discretion, is free to permit Ms. Sanders to withdraw her plea and proceed to trial or conduct an evidentiary hearing to develop the facts surrounding the entry of the plea.
Accordingly, the case is reversed and remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED.
MICKLE, BENTON and VAN NORTWICK, JJ., concur.