806 So.2d 520 (2001)
Tracy CADDO, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-4124.
District Court of Appeal of Florida, Second District.
October 5, 2001.
James Marion Moorman, Public Defender, and Richard J. Sanders, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jennifer R. Haymes, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
Tracy Caddo appeals the summary denial of his motion to withdraw plea and his sentence as a prison releasee reoffender. As the Prison Releasee Reoffender Punishment Act (PRRPA), section 775.082(9)(a)1, Florida Statutes (Supp. 1998), is not applicable to a defendant who is convicted of burglary of an unoccupied dwelling, and as an evidentiary hearing was not conducted on Caddo's motion to withdraw his plea, we reverse.
*521 Caddo was charged in case number 98-17672 with driving while his license was revoked (as a habitual traffic offender) and misdemeanor possession of marijuana. He was charged in case number 98-18342 with burglary of a dwelling, grand theft, and resisting arrest without violence. He pleaded guilty to all counts. At the plea hearing, the State gave a factual basis for the charges but did not indicate whether the dwelling was occupied or unoccupied. It was agreed that sentencing would be deferred. As to the burglary and grand theft charges, the plea agreement called for a total sentence of ten years' imprisonment if Caddo appeared for sentencing or fifteen years' imprisonment as a prison releasee reoffender if he failed to appear.
After failing to appear for sentencing, Caddo was captured. He then filed a motion to withdraw his plea claiming that the plea was entered under threat and duress. Caddo alleged that the victim made threatening gestures toward him at the plea hearing. He also asserted that the victim attacked a co-defendant and threatened Caddo with the same treatment if Caddo did not plead guilty to the charges.
The trial court conducted a hearing and considered Caddo's motion to withdraw his plea. At this hearing, Caddo's attorney reported that he witnessed the victim try to attack Caddo after the conclusion of the original plea hearing. The State suggested that evidence should be taken. The trial judge and counsel then discussed the impact of several court decisions that the judge felt addressed the plea issue. After the discussion and without taking any evidence, the trial court denied the motion and proceeded with sentencing. In accordance with the plea agreement, Caddo received an increased sentence as a prison releasee reoffender in case number 98-18342.
Concerning withdrawal of a plea, if a defendant establishes good cause the trial court shall allow the plea to be withdrawn. Fla. R.Crim. P. 3.170(f). Threats and coercion, if established, are grounds that would support withdrawal of a guilty plea. See Clay v. State, 82 Fla. 83, 89 So. 353, 355 (1921); Canada v. State, 144 Fla. 633, 198 So. 220, 223 (1940). The defendant has the burden to show good and sufficient cause to support withdrawal of a guilty plea. Ostermann v. State, 183 So.2d 873, 875 (Fla. 2d DCA 1966). Moreover, it is reversible error if the trial court does not conduct an evidentiary hearing in order to develop the facts surrounding the entry of the plea when the motion alleges a sufficient basis to support withdrawal of the plea. Sanders v. State, 662 So.2d 1372, 1374 (Fla. 1st DCA 1995).
Caddo alleged that he was threatened with violence if he did not plead guilty to the charges and that he felt he was under duress. Caddo's attorney corroborated a part of the allegations. The claims, if proven, would constitute good cause to require the trial court to allow Caddo to withdraw his plea. Id. Because the trial court denied the motion to withdraw the plea without first conducting an evidentiary hearing, we reverse and remand for an evidentiary hearing.
As to sentencing, the trial court did not have the benefit of State v. Huggins, 802 So.2d 276 (Fla.2001). In Huggins, the Florida Supreme Court approved the holding of the district court in State v. Huggins, 744 So.2d 1215 (Fla. 4th DCA 1999), that the PRRPA does not apply to a defendant who is convicted of burglary of an unoccupied dwelling. Here, at the time of sentencing, the State may not have offered any evidence of occupancy of the dwelling because no such evidence appeared to be required. Because the appellate record does not reflect whether the dwelling was *522 occupied, Caddo's sentence in case number 98-18342 must be vacated and remanded to the trial court for further proceedings.
If Caddo's motion to withdraw his plea is denied on remand, the sentencing procedure to be followed on resentencing is similar to the procedure adopted in Rowan v. State, 791 So.2d 40 (Fla. 2d DCA 2001). The trial court should review the complete record to determine whether there is a factual basis supporting the conclusion that the dwelling was occupied at the time of the burglary. If the record contains such a factual basis, then the trial court may again sentence Caddo to fifteen years' imprisonment as a prison releasee reoffender in accordance with the plea agreement. If the record does not contain the necessary factual basis, the trial court should conduct a limited evidentiary hearing to determine whether the dwelling was occupied at the time that Caddo committed the burglary. See id.
Because the sentences in both of Caddo's cases were negotiated as a part of a plea agreement, if the record does not support the conclusion that the dwelling was occupied, or if the State cannot prove that fact at the limited evidentiary hearing, the State must be given the option of either: (1) agreeing that both judgments and sentences shall be vacated and taking Caddo to trial on the original charges; or (2) agreeing that the judgments in both cases and the sentence in case number 98-17672 shall stand but that Caddo must be resentenced in case number 98-18342 without the PRRPA enhancement. See Sidell v. State, 787 So.2d 139, 140-41 (Fla. 2d DCA 2001).
In summary, if Caddo's motion to withdraw his plea is again denied, the trial court must determine whether there is a factual basis for the conclusion that the dwelling which was the subject of the burglary was occupied. If the factual basis is established, then the sentences that were previously imposed pursuant to the plea agreement shall again be imposed. If the factual basis is not established, and if the State elects to go forward with resentencing rather than agreeing to vacate both judgments and sentences, then Caddo shall be resentenced in accordance with the plea agreement except that, in case number 98-18342, a PRRPA enhancement will not apply and the sentence shall be ten years' imprisonment.
Reversed and remanded for further proceedings.
NORTHCUTT, J., Concurs.
FULMER, A.C.J., Concurs in result only.