GREEN, Acting Chief Judge.
Tony Rhodes timely challenges his judgment and sentence for two counts of dealing in stolen property, burglary of an unoccupied dwelling, and driving without a valid driver’s license. We affirm Mr. Rhodes’ convictions without discussion. However, we vacate Mr. Rhodes’ prison releasee reoffender sentence for the burglary conviction and remand for resentenc-ing.
The State sought to have Mr. Rhodes sentenced as a prison releasee reoffender for the burglary charge based on his previous criminal history. The trial court sentenced Mr. Rhodes as a prison releasee reoffender because of this court’s decision in State v. White, 736 So.2d 1231 (Fla. 2d DCA 1999). Subseqent to sentencing, the supreme court in State v. Huggins, 802 So.2d 276 (Fla.2001), reversed the opinion in White and explained that the “Prison Releasee Reoffender Act is not applicable to a defendant who is convicted of burglary of an unoccupied dwelling.” Accordingly, because Mr. Rhodes was convicted of burglary of an unoccupied dwelling, the Prison Releasee Reoffender Act does not apply to him, and his sentence on that conviction must be vacated.
Affirmed in part, vacated in part, and remanded for resentencing for the burglary charge.
DAVIS and SILBERMAN, JJ., Concur.