GREEN, Judge.
Appellant, Todd J. Graham, was sentenced as a prison releasee reoffender based on his negotiated plea of nolo con-tendere to the charge of burglary of a dwelling in violation of section 810.02(3), Florida Statutes (1999). The information did not specify, nor does the record indicate, whether the dwelling was occupied or unoccupied at the time of the burglary.
Based on case precedent at the time of sentencing, Mr. Graham received a fifteen-year minimum mandatory prison sentence. See State v. White, 736 So.2d 1231 (Fla. 2d DCA 1999). Subsequent to sentencing, the supreme court disapproved White in State v. Huggins, 802 So.2d 276 (Fla.2001), and ruled that the Prison Releasee Reof-fender Punishment Act is not applicable to a defendant who is convicted of burglary of an unoccupied dwelling. See also Rhodes v. State, 805 So.2d 936 (Fla. 2d DCA 2001). Mr. Graham now seeks to have his sen *249 tence vacated and the case remanded for further proceedings. We agree.
The State concedes that Mr. Graham was improperly sentenced as a prison re-leasee reoffender because burglary of an unoccupied structure is not an enumerated offense under section 775.082(8), Florida Statutes (1997). Upon remand, Mr. Graham may withdraw his plea and the State shall be given the option of trying Mr. Graham on the charges. See Caddo v. State, 806 So.2d 520 (Fla. 2d DCA 2001).
Vacated and remanded for further proceedings.
DAVIS and COVINGTON, JJ., Concur.