870 So.2d 72 (2003)
Billy Ray TAYLOR, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-4666.
District Court of Appeal of Florida, Second District.
November 14, 2003.
James Marion Moorman, Public Defender, and Bruce P. Taylor, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
FULMER, Judge.
Billy Ray Taylor challenges the denial of his motion to withdraw plea, which was filed before sentencing. Because the record shows that the trial court engaged in coercive plea negotiations at the time that Taylor entered his plea, we reverse.
At a pretrial hearing in March 2002, the trial judge initiated a plea discussion. When Taylor indicated he did not want to accept the State's offer, the trial judge instructed the State that it was not to make Taylor any better offers in the future. After more discussion, the trial court recessed for five minutes for Taylor to think about his decision, and when the court reconvened, Taylor entered his plea pursuant to the State's offer. During the plea colloquy, the court told Taylor: "if you want a trial, you would be looking at more time than what you are getting this week; do you understand that?"
*73 In April 2002, Taylor's counsel moved to withdraw citing irreconcilable differences. In May 2002, Taylor, through new counsel, filed a motion to withdraw plea, which quoted the trial judge at the plea hearing advising Taylor that he would not get a better offer from the State and the present offer would not be extended again. After a hearing, the trial court denied the motion in July 2002. In September 2002, Taylor was sentenced.
We review the denial of a motion to withdraw plea under an abuse of discretion standard. Gunn v. State, 841 So.2d 629, 631 (Fla. 2d DCA 2003). A motion to withdraw plea filed before sentencing is governed by Florida Rule of Criminal Procedure 3.170(f), which provides:
Withdrawal of Plea of Guilty. The court may in its discretion, and shall on good cause, at any time before a sentence, permit a plea of guilty to be withdrawn and, if judgment of conviction has been entered thereon, set aside the judgment and allow a plea of not guilty, or, with the consent of the prosecuting attorney, allow a plea of guilty of a lesser included offense, or of a lesser degree of the offense charged, to be substituted for the plea of guilty. The fact that a defendant may have entered a plea of guilty and later withdrawn the plea may not be used against the defendant in a trial of that cause.
Under this rule, a trial court is required to allow withdrawal of a plea if a defendant establishes good cause. Caddo v. State, 806 So.2d 520, 521 (Fla. 2d DCA 2001). Upon a lesser showing than good cause, the rule allows the court to use its discretion. Roberts v. State, 670 So.2d 1042, 1045 (Fla. 4th DCA 1996) (quoting Yesnes v. State, 440 So.2d 628, 634 (Fla. 1st DCA 1983)). "Threats and coercion, if established, are grounds that would support withdrawal of a guilty plea." Caddo, 806 So.2d at 521 (citing Clay v. State, 82 Fla. 83, 89 So. 353, 355 (1921); Canada v. State, 144 Fla. 633, 198 So. 220, 223 (1940)).
In State v. Warner, 762 So.2d 507 (Fla. 2000), the supreme court delineated minimum safeguards that are to be followed by a judge participating in the plea negotiation process. The court stated that judicial involvement in the plea bargaining process must be limited to minimize the potential coercive effect on the defendant, to retain the function of the judge as a neutral arbiter, and to preserve the public perception of the judge as an impartial dispenser of justice. Id. at 513. A trial court must not initiate a plea dialogue; rather, it may participate in such discussions at the request of a party. Id. Further, "[t]o avoid the potential for coercion, a judge must neither state nor imply alternative sentencing possibilities which hinge upon future procedural choices, such as the exercise of a defendant's right to trial." Id. at 514.
The record indicates that the trial court initiated the plea discussion and the trial court's statements strongly implied that Taylor would receive a harsher sentence if he did not accept the plea at that time. The trial court's comments also suggested the possibility of a harsher sentence if Taylor exercised his right to trial. As a result of the trial court's failure to follow the Warner guidelines, Taylor established good cause for withdrawing his plea and the denial of his motion was an abuse of discretion. Accordingly, we reverse and remand for further proceedings to allow Taylor to withdraw his plea.
Reversed and remanded.
WALLACE, J., and DANAHY, PAUL W., SENIOR JUDGE, concur.