TAYLOR, J.,
concurring specially.
I concur in the majority’s decision to reverse the trial court’s denial of appellant’s motion to withdraw his plea. However, I do so because of the trial court’s failure to ask appellant during the plea colloquy whether anyone had threatened or coerced him into entering his no contest plea’to second degree murder. Appellant had rejected the state’s plea offers numerous times and persisted in his decision to go to trial, even as jury selection was about to begin. Further, during the change-of-plea hearing later that day, appellant’s attorney advised the court that appellant still maintained his innocence notwithstanding the factual basis for the plea. Under these, circumstances, the trial court should have inquired whether anyone was forcing appellant to enter his plea to assure that his plea was voluntary. See, e.g., Sanders v. State, 662 So.2d 1372 (Fla. 1st DCA 1995) (reversing trial court’s refusal to permit the defendant to withdraw her plea where the court failed to fully develop factual matters relevant to whether defendant was coerced and threatened by the co-defendant into pleading no contest).
In my view, the ■ transcript of the plea hearing shows that the trial court carefully and thoroughly inquired into appellant’s understanding of the plea and its consequences. Based on appellant’s responses, the court could properly find that appellant’s plea was knowingly and intelligently entered. However, because the record fails to refute appellant’s claim that his plea was not voluntarily and freely made, reversal for a trial is required.