942 So.2d 1036 (2006)
Jose Antonio MOLINA, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-5807.
District Court of Appeal of Florida, Second District.
December 8, 2006.
*1037 James Marion Moorman, Public Defender, and Judith Ellis, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Susan M. Shanahan, Assistant Attorney General, Tampa, for Appellee.
VILLANTI, Judge.
Jose Antonio Molina appeals the denial of his motion to withdraw his guilty plea. Molina contends that his plea was not voluntary because he misunderstood the conditions of his substantial assistance agreement. Because the record does not conclusively refute Molina's allegations, we reverse the denial of his motion to withdraw his plea and remand for an evidentiary hearing.
Molina pleaded guilty in open court to charges of trafficking in cocaine and conspiracy to engage in trafficking in cocaine. During the plea hearing, the court properly inquired as to matters such as Molina's mental state, his understanding that he was giving up certain rights, and his understanding that he could be deported as a result of his plea. At one point, Molina's attorney mentioned that he wanted "to put on the record in case anything comes up, it's a cooperation case." The court subsequently accepted Molina's plea as freely and voluntarily entered, but the court did not inquire as to the terms of the cooperation agreement nor as to Molina's understanding of the terms. Indeed, the only record reference to a cooperation agreement or a substantial assistance agreement[1] during the entire plea colloquy was Molina's attorney's comment that "it's a cooperation case."
Before sentencing, Molina filed a motion to withdraw his plea pursuant to Florida Rule of Criminal Procedure 3.170(f), asserting that he did not understand the expectations of his substantial assistance agreement and that he was afraid he would not be able to provide assistance as law enforcement expected. During a hearing on Molina's motion, his attorney argued that Molina did not realize he would be expected to assist law enforcement from inside jail. The court denied Molina's motion after hearing only Molina's attorney's argument.
"A guilty plea `must be voluntarily made by one competent to know the consequences of that plea. . . .'" Lopez v. State, 536 So.2d 226, 228 (Fla.1988) (quoting Mikenas v. State, 460 So.2d 359, 361 (Fla.1984)). Further, the trial court must "carefully inquire" into the defendant's understanding of the plea, "so that the record contains an affirmative showing that the plea was intelligent and voluntary." Koenig v. State, 597 So.2d 256, 258 (Fla.1992) (citing Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)). Once a plea is accepted, a defendant must establish good cause to withdraw the plea prior to sentencing. Onnestad v. State, 404 So.2d 403, 405 (Fla. 5th DCA 1981).
Molina contends that his plea was not voluntary because he did not understand the terms of his substantial assistance agreement. In general, if a misunderstanding of the nature and scope of a substantial assistance agreement is found, withdrawal of a defendant's guilty plea is warranted. See Elias v. State, 531 So.2d 418, 420 (Fla. 4th DCA 1988). In reviewing *1038 a motion to withdraw a plea, the trial court must: (1) accept the defendant's allegations "as true, except to the extent that they are conclusively rebutted by the record" or (2) hold an evidentiary hearing to determine the truth of the allegations. Snodgrass v. State, 837 So.2d 507, 508 (Fla. 4th DCA 2003) (quoting Simeton v. State, 734 So.2d 446, 447 (Fla. 4th DCA 1999)); see also Daniel v. State, 865 So.2d 661, 661 (Fla. 2d DCA 2004) (reversing denial of motion to withdraw a guilty plea and remanding for an evidentiary hearing because the record failed to show that Daniel was not entitled to relief).
The record before us does not reveal Molina's understanding, or lack of understanding, of the terms of the substantial assistance agreement at the time of his plea. Although the court carefully inquired as to Molina's understanding of other relevant matters, after Molina's attorney mentioned that this was a cooperation case, the court did not make any inquiry as to the form or contents of the substantial assistance agreement.[2] Consequently, the record does not conclusively establish that Molina understood the terms of the substantial assistance agreement, and therefore, accepting Molina's allegations as true, the record does not conclusively refute Molina's allegations. Because the record does not conclusively refute Molina's allegations, Molina was entitled to an evidentiary hearing. Although the court held a hearing on Molina's motion, it was not an "evidentiary" hearing as required under the circumstances of this case.
In denying Molina's motion, the court relied on its societal concernsnot Molina's understandingto justify why Molina should not be permitted to withdraw his plea. The court stated:
When does anyone know what the expectations of law enforcement are going to be? Typically, drug traffickers enter pleas with the hopes that they will be able to offer substantial assistance and with the hopes that law enforcement will come in and give a favorable report to the Court. Those are all hopes. Sometimes those hopes come to fruition; sometimes they don't. Sometimes defendants will say, I can . . . give substantial assistance when, in fact, they can't, and they're hoping to prolong the inevitable.
If I set aside the plea, then I may be setting a precedent that we no longer allow substantial assistance to law enforcement. And I think that we all know that that would not be a good thing for our society.
The court heard only Molina's attorney's argument and did not take any evidence to determine whether Molina understood or misunderstood the terms of the substantial assistance agreement. The court's decision to deny Molina's motion was apparently based upon its societal concerns and not upon the record or upon any evidence produced at an evidentiary hearing. The court's societal concerns, however noble, cannot override the court's duty to either accept Molina's unrefuted allegations as true or hold an evidentiary hearing to determine the truth of his allegations. Because the record does not conclusively refute Molina's allegations, the trial court erred in denying Molina's motion without holding an evidentiary hearing.
*1039 Reversed and remanded for an evidentiary hearing.
ALTENBERND, J., and HAYES, HUGH D., Associate Judge, Concur.
NOTES
[1] In their briefing to this court, both Molina and the State acknowledge that there was a cooperation agreement between Molina and the State, that the cooperation agreement is the same thing as a substantial assistance agreement, and that there is no written version of the agreement in the record.
[2] We recognize the inherent danger of putting the terms of a substantial assistance agreement on the record, both in potentially hindering the performance of the agreement and in potentially jeopardizing the defendant's personal safety. For this reason, such agreements are often made off the record or in a cryptic fashion on the record. However, as this case shows, as challenging as it may be, the better practice is to ensure that the defendant's complete understanding of the terms of the agreement is clearly placed on the record.