WARNER, J.
Appellant, Paulo Moraes, appeals the order denying his presentence motion to withdraw his plea of nolo contendere to the charge of lewd or lascivious exhibition in the presence of a child under sixteen. Moraes claims that he provided good cause for withdrawal, because, after his plea but before sentencing, the legislature passed the Jessica Lunsford Act, which enhanced the reporting requirements and penalties for sexual offenders. We conclude that he showed good cause, and reverse.
*1101 Moraes was charged by information with lewd or lascivious exhibition for intentionally masturbating in the presence of a child under the age of sixteen. Moraes entered an open plea of no contest to the court. At the time of the plea hearing, Moraes was twenty-three years old and had no prior criminal history.
After the plea but before sentencing, Moraes filed a written motion to withdraw his plea pursuant to Florida Rule of Criminal Procedure 3.170(f). He alleged that at the time he entered the plea, he did not know that the Florida Legislature and several municipalities were poised to change the existing sexual offender statutes. He provided three reasons to support the motion. First, he argued that the Jessica Lunsford Act enhanced the reporting requirements and penalties from a level six to level seven for failure to comply. Second, since the entry of his plea, several municipalities in South Florida increased restrictions on where sexual offenders could live, in some instances effectively banning them from residing within those communities. Finally, Moraes indicated that his livelihood could be affected because he is employed in the information technology field, and new restrictions have been placed upon contractors and subcontractors who perform work for school boards relating to whether they have registered sexual offenders within their employ.
The state opposed the motion, arguing that he should have anticipated such changes in the law, as they were being considered at the time he pled. Residency restrictions existed at the time of the plea, and the changes enacted by the municipalities simply increased the distance a sex offender is banned from residing near schools and other institutions from 1000 to 2500 feet. The state contended the fact that a penalty might be harsher does not rise to the level of good cause. Finally, the state argued that it would be unfair to the victim to permit withdrawal of the plea. The court denied the motion to withdraw, prompting this appeal.
The circumstances under which a defendant may withdraw a plea are governed by Florida Rule of Criminal Procedure 3.170(f), which provides that “[t]he court may in its discretion, and shall on good cause, at any time before a sentence, permit a plea of guilty or no contest to be withdrawn .... ” (emphasis added). Because the law favors a trial on the merits, this rule should be liberally construed in favor of a defendant. Smith v. State, 840 So.2d 404, 406 (Fla. 4th DCA 2003). “[T]he trial court is obligated to allow the defendant as a matter of right to withdraw a plea if good cause is shown, while in situations where less than good cause is shown, a trial court’s decision will not be reversed absent an abuse of discretion.” Id.; see also Robinson v. State, 761 So.2d 269, 273-74 (Fla.1999).
A defendant should be permitted to withdraw a plea where he proves that the plea was entered under mental weakness, mistake, surprise, misapprehension, fear, promise, or other circumstances affecting his rights. Smith, 840 So.2d at 406. We think a change in law which increases the burdens on a defendant after a plea is entered but before sentencing affects the defendant’s rights and constitutes good cause for withdrawal of the plea.
In this conclusion we find support in State v. Partlow, 840 So.2d 1040 (Fla.2003), where the supreme court held that failure to inform a defendant of the sexual offender registration requirements did not constitute a manifest injustice to require a motion to withdraw a plea after sentencing to be granted. The defendant in Partloiu had complained that he had not been informed of the existing registration re *1102 quirements. The 4-3 majority opinion specifically noted that the court considered the motion to withdraw under rule 3.170(Z) and not rule 3.170(f). In a concurring opinion, Justice Cantero noted this difference and opined that had the motion to withdraw the plea been made prior to sentencing under rule 3.170(f), he thought the motion might well have constituted good cause to withdraw the plea. Surely, if ignorance of existing registration requirements and residence restrictions can constitute good cause to withdraw a plea before sentencing, then a change in law increasing those restrictions after the plea but before sentencing must also be considered good cause.
We distinguish Boutwell v. State, 776 So.2d 1014 (Fla. 5th DCA 2001), in which the court refused to allow a defendant to withdraw his plea because of his ignorance of the sexual offender registration requirements. Although he made his motion pri- or to sentencing, he did not appeal his sentence and challenged it by way of a motion for postconviction relief. Thus, the standard of review changed. Furthermore, he alleged that he was ignorant of current registration requirements, as in Partlow. In this case, Moraes alleges that the law changed after his plea was accepted but before sentencing.
Because a change in the law increasing the burdens placed upon sexual offenders occurred after Moraes’s plea and before his sentencing, he showed good cause to withdraw his plea. As a matter of right, he is entitled to this relief and to elect a trial on the merits.

Reversed and remanded for further proceedings.

GUNTHER and GROSS, JJ., concur.