PER CURIAM.
Appellant, T.F., appeals an order of disposition and challenges the trial court’s denial of his motion to withdraw his guilty plea. As the State acknowledges on appeal, the record provides no indication that Appellant was given an opportunity to con- *989 suit with defense counsel after the trial court stated that it would not accept Appellant’s nolo contendere plea and would only accept a guilty plea as a matter of convenience, to which defense counsel replied, “Yes, your Honor. We’ll enter a plea of guilty to convenience.” See D.V.L. v. State, 693 So.2d 693, 694 (Fla. 2d DCA 1997) (“When the record fails to reflect a determination by the trial court that the juvenile has entered a plea voluntarily ... remand is appropriate.”); Richardson v. State, 432 So.2d 750, 751 (Fla. 2d DCA 1983) (“When a defendant moves to withdraw his plea of guilty, the court should be liberal in exercising its discretion to permit the withdrawal, especially where it is shown that the plea was based on a failure of communication....”).
Accordingly, we reverse the disposition order and remand for further proceedings. See Sanders v. State, 662 So.2d 1372, 1374 (Fla. 1st DCA 1995) (noting that, on remand, the trial court was free to permit the appellant to withdraw her plea or conduct an evidentiary hearing to develop the facts surrounding the entry of the plea).
REVERSED and REMANDED for further proceedings.
WEBSTER, DAVIS, and PADOVANO, JJ., concur.