ROBERTS, J.
 

 The appellant, Melvin Murray, appeals from his convictions and sentences for seven third-degree felonies in three cases. He raises two issues on appeal.
 

 First, the appellant argues that the trial court erred by not awarding him credit for time served in the second and third cases. This issue, however, was not preserved for appellate review. The appellant neither objected at the sentencing hearing nor timely filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b).
 
 See Howard v. State,
 
 705 So.2d 947, 948 (Fla. 1st DCA 1998).
 

 Even if preserved, the appellant’s argument is without merit. In the first case, the appellant was sentenced to two concurrent terms of five years in prison. He was awarded 232 days credit for time served. In the second case, he was sentenced to two concurrent terms of five years in prison, to run consecutive to his sentence in the first case. In the third case, he was sentenced to three concurrent terms of five years in prison, to run consecutive to his sentence in the first case but concurrent to his sentence in the second case. He was not awarded credit for time served in the second or third case. Because his sentences in the second and third cases are consecutive to his sentence in the first case, the appellant was only entitled to credit for time served on his sentence in the first case.
 
 See Steadman v. State,
 
 23 So.3d 811 (Fla. 2d DCA 2009). Accordingly, we affirm on the first issue.
 

 Second, the appellant argues that the trial court should have allowed him to withdraw his pleas because of misadvice of counsel involving the lowest permissible sentence. At the plea hearing, the appellant’s counsel stated that the appellant’s criminal punishment code scoresheet provided for a minimum sentence of any non-state prison sanction, meaning that he could be sentenced to less than 365 days in jail or another non-state prison sanction.
 
 See
 
 § 921.0024(2), Fla. Stat. (2008). When the trial court asked if the State had a scoresheet, the prosecutor also stated that the appellant’s minimum permissible sentence would be any non-state prison sanction. The appellant entered open pleas in all three cases.
 

 However, when the appellant’s score was calculated for sentencing, the appellant received 50 points, resulting in a minimum non-departure sentence of 16.5 months in prison. The maximum sentence was 35 years in prison. The appellant was
 
 *794
 
 sentenced to a total term of 10 years in prison.
 

 After sentencing, the appellant moved to withdraw his pleas, alleging that he would not have entered the pleas had he known he would be subject to a mandatory state prison sentence. It is apparent from the record that the appellant was misled as to the lowest permissible sentence and his pleas were entered based on erroneous information provided by his counsel and the prosecutor. Under these circumstances, the appellant’s pleas were not voluntary and he should have been permitted to withdraw them.
 
 See Waldrop v. State,
 
 882 So.2d 1047 (Fla. 1st DCA 2004). Accordingly, we reverse and remand on the second issue for further proceedings consistent with this opinion.
 

 AFFIRMED in part, REVERSED in part, and REMANDED.
 

 WEBSTER and LEWIS, JJ., concur.