PER CURIAM.
Robert Kaye appeals the trial court’s failure to award him credit for time served. We affirm. Kaye was sentenced on a revocation of probation on August 31, 2010. At sentencing, he did not object when the trial court announced his credit for time served. After filing an appeal, Kaye filed a pro se motion seeking additional jail credit pursuant to Florida Rule of Criminal Procedure 3.800(a). The trial court struck the motion for two reasons. First, the trial court was divested of jurisdiction to consider the motion because it was filed after the notice of appeal.[1] Second, the pro se motion was a nullity because it was filed while Kaye was represented by counsel.
On appeal, Kaye claims he should have been credited for time served in Hamilton County. Whether Kaye is entitled to that credit is not clear from the face of the record, and his failure to object to not receiving the proper jail credit renders this issue unpreserved for appellate review. See Murray v. State, 36 So.3d 792, 793 (Fla. 1st DCA 2010).
AFFIRMED.
ORFINGER, C.J., COHEN and JACOBUS, JJ., concur.

. Kaye could have, but did not file a motion during the pendency of the appeal pursuant to Florida Rule of Criminal Procedure 3.800(b)(2).