BLACK, Judge.
 

 Michael Allen Crane pleaded no contest to various charges in three separate cases. Before he was sentenced, Crane filed a motion to withdraw his pleas. The motion was summarily denied, and Crane now appeals that denial. Because the trial court erred in denying the motion without first holding an evidentiary hearing, we reverse.
 

 Crane was charged in case number 09-CF-1215 with obtaining money from a pawn shop by fraud and dealing in stolen property. He was charged in case number 09-CF-2240 with possession of a controlled substance, petit theft, and resisting arrest in retail theft. In case number 09-CF-3326, Crane was charged with dealing in stolen property, obtaining money from a pawn shop by fraud, burglary, and grand theft. Crane pleaded no contest to all of the charges except burglary and grand theft. The trial court scheduled the remaining charges for trial and set a sentencing date for the charges to which Crane pleaded. Sentencing was to occur before Crane’s trial. Prior to sentencing, Crane filed a motion to withdraw his plea pursuant to Florida Rule of Criminal Procedure 3.170(f).
 

 The motion alleged that Crane’s plea was involuntary and that he entered his pleas with the understanding that sentencing would be reserved until after the trial on the burglary and grand theft charges. At a nonevidentiary hearing on the motion, Crane’s attorney argued that she failed to advise Crane of an available defense. Counsel repeatedly stated that she failed to recognize and advise Crane that his lack of knowledge that the items pawned were stolen was a defense to the dealing in stolen property charges. The trial court ultimately denied Crane’s mo
 
 *359
 
 tion but rescheduled Crane’s sentencing to occur after his trial.
 

 Rule 3.170(f) provides that “[t]he court may in its discretion, and shall on good cause,” permit a no contest or guilty plea to be withdrawn at any time prior to sentencing. Good cause “has been found to exist when the defendant’s plea was ‘infected by misapprehension, undue persuasion, ignorance, or was entered by one not competent to know its consequence or that it was otherwise involuntary, or that the ends of justice would be served by withdrawal of such plea.’ ”
 
 Lehmkuhle v. State,
 
 20 So.3d 971, 973 (Fla. 2d DCA 2009) (quoting
 
 Onnestad v. State,
 
 404 So.2d 403, 405 (Fla. 5th DCA 1981)),
 

 By arguing that she had failed to advise her client, counsel “was attempting to demonstrate good cause to withdraw the plea.”
 
 Id.
 
 (citing
 
 Trenary v. State,
 
 453 So.2d 1132, 1133-34 (Fla. 2d DCA 1984)). “[A] defendant’s entry of a plea based upon his attorney’s mistaken advice can be a valid basis for finding good cause.”
 
 Johnson v. State,
 
 971 So.2d 212, 215 (Fla. 4th DCA 2008). Moreover, where a motion presents a sufficient basis for withdrawal of a plea, a trial court commits reversible error if it fails to “conduct an evidentiary hearing in order to develop the facts surrounding the entry of the plea.”
 
 Caddo v. State,
 
 806 So.2d 520, 521 (Fla. 2d DCA 2001) (citing
 
 Sanders v. State,
 
 662 So.2d 1372, 1374 (Fla. 1st DCA 1995)).
 

 Accordingly, we vacate Crane’s sentences on the charges to which he pleaded,
 
 see Whitaker v. State,
 
 881 So.2d 80, 82 (Fla. 5th DCA 2004), and remand this case for the trial court to hold an evidentiary hearing on the motion to withdraw pleas.
 

 KHOUZAM and MORRIS, JJ., Concur.