CRENSHAW, Judge.
Karri Hughen appeals her judgment and sentence to ten years’ prison to be followed by twenty years’ probation after she pleaded guilty to organized fraud and communications fraud. Because the trial court erred by summarily denying Hughen’s oral motion to withdraw her plea before sentencing, we reverse and remand for an evidentiary hearing.
In December 2010, Hughen pleaded guilty to one count of scheme to defraud and 124 counts of communications fraud. At the June 2011 sentencing hearing, Hu-ghen’s counsel presented an allegedly exculpatory letter from Hughen’s husband. Hughen’s counsel stated that Hughen was “now maintaining her innocence.” Upon further inquiry by the trial court, Hughen stated, “I didn’t realize when — in December, what I was agreeing to. It was not what my attorney told me I was agreeing to.” The trial court noted that Hughen was represented at the plea hearing by different counsel, and it explained to Hu-ghen, “you can file a motion to this Court and I can reconsider your affidavits, but I have to do that by affidavits, not just by conversation.” The trial court then declared,
I’m here on a plea agreement I accepted in December of 2010, for the reasons I’ve told you, because you asked me to. If [former defense counsel] fooled you or anything else, [current defense counsel], I’m certain will put in the appropriate form for me to consider, so other than that, the Court is going to enforce this agreement. Today is the day.
Hughen’s counsel then clarified that Hu-ghen’s intent at the sentencing hearing was to withdraw her plea and go to trial. Despite this assertion, the trial court sentenced Hughen accordingly.
We conclude that the trial court erred when it summarily denied Hughen’s presentence oral motion to withdraw her plea. Florida Rule of Criminal Procedure 3.170(f) provides that “[t]he court may in its discretion, and shall on good cause, at any time before a sentence, permit a plea of guilty or no contest to be withdrawn .... ” (Emphasis added.) “Because the law favors a trial on the merits, [rule 3.170(f) ] should be liberally construed in favor of a defendant.” Moraes v. State, 967 So.2d 1100, 1101 (Fla. 4th DCA 2007) (citing Smith v. State, 840 So.2d 404, 406 (Fla. 4th DCA 2003)). And “where a motion presents a sufficient basis for withdrawal of a plea, a trial court commits reversible error if it fails to ‘conduct an evidentiary hearing in order to develop the facts surrounding the entry of the plea.’ ” Crane v. State, 69 So.3d 357, 359 (Fla. 2d DCA 2011) (quoting Caddo v. State, 806 So.2d 520, 521 (Fla. 2d DCA 2001)).
Here, Hughen asserted at the sentencing hearing that she was misad-vised by her prior counsel at the time she entered her plea. Because “[a] defendant’s entry of a plea based upon his attorney’s mistaken advice can be a valid basis for finding good cause,” Nicol v. State, 892 So.2d 1169, 1171 (Fla. 5th DCA 2005), we conclude that the trial court reversibly erred by failing to conduct an evidentiary hearing to determine if Hughen could establish good cause to withdraw the plea. And contrary to the trial court’s implied assertion that a written motion was required, we note that Hughen was entitled to be heard on her oral motion to withdraw the plea. See, e.g., Lehmkuhle v. State, 20 So.3d 971 (Fla. 2d DCA 2009) (concluding *1116 that defendant was entitled to a hearing on his presentence oral motion to withdraw plea); Morales v. State, 973 So.2d 679 (Fla. 2d DCA 2008) (same).
Accordingly, we vacate Hughen’s sentence and remand for the trial court to hold an evidentiary hearing on the motion to withdraw plea.
Reversed and remanded.
DAVIS and WALLACE, JJ„ Concur.