CASANUEVA, Judge.
Paige M. Rivera appeals her convictions and sentences imposed after the trial court denied her motion to withdraw her plea before sentencing.[1] Because the trial court erred by summarily denying Ms. Rivera’s oral motion to withdraw her plea before sentencing, we reverse and remand for an evidentiary hearing.
Background
Ms. Rivera was arrested after she sold to an undercover police officer medications that had been fraudulently prescribed. The State charged her with delivering cocaine, possessing cocaine, and trafficking in illegal drugs.[2] She entered an open plea of guilty to the charges, and sentencing was delayed so she could provide substantial assistance to law enforcement, specifically her case agent. However, her case agent directed that she work in the area where she was arrested, and she resisted his request because it was an area of town where she and her drug problems were known. She sought to provide her assistance to nearby law enforcement agencies, but each refused her offer. At the sentencing hearing, defense counsel related the above, adding that assisting law enforcement in her own area would, she felt, put her safety and that of her family at risk. Defense counsel argued that Ms. Rivera did not understand at the time of the plea that she would be forced to work in her part of town. Facing sentencing without having provided the agreed substantial assistance, defense counsel moved to withdraw her plea. The trial court denied the motion without inquiring of Ms. Rivera and sentenced her to fifteen years’ incarceration, the minimum mandatory sentence for the trafficking charge, and sixty months’ incarceration each for the delivery and possession charges, concurrent with the trafficking sentence.
Discussion
Florida Rule of Criminal Procedure 3.170(f) provides that “[t]he court may in its discretion, and shall on good cause, at any time before a sentence, permit a plea of guilty or no contest to be withdrawn.... ” (Emphasis added.) “Because the law favors a trial on the merits, [rule 3.170(f) ] should be liberally construed in favor of a defendant.” Moraes v. State, 967 So.2d 1100, 1101 (Fla. 4th DCA 2007) (citing Smith v. State, 840 So.2d 404, 406 (Fla. 4th DCA 2003)). And “where a motion presents a sufficient basis for withdrawal of a plea, a trial court commits reversible error if it fails to ‘conduct an evidentiary hearing in order to develop the facts surrounding the entry of the plea.’ ” Crane v. State, 69 So.3d 357, 359 (Fla. 2d DCA 2011) (quoting Caddo v. State, 806 So.2d 520, 521 (Fla. 2d DCA 2001)).
Hughen v. State, 96 So.3d 1114, 1115 (Fla. 2d DCA 2012); see also Molina v. State, 942 So.2d 1036, 1037 (Fla. 2d DCA 2006) (stating that “if a misunderstanding of the *611 nature and scope of a substantial assistance agreement is found, withdrawal of a defendant’s guilty plea is warranted”).
At the sentencing hearing, Ms. Rivera’s counsel orally moved to withdraw her plea, claiming it was involuntarily made, advising the court that Ms. Rivera had misapprehended the effect of her plea and agreement to provide substantial assistance. It is of no moment that the motion was made orally because a defendant is entitled to be heard on an oral motion to withdraw a plea. Hughen, 96 So.3d at 1115. Ms. Rivera’s misapprehension of the effect of her agreement to provide substantial assistance could be a valid basis for finding good cause. See Arzola v. State, 994 So.2d 1209 (Fla. 5th DCA 2008) (holding that the State’s refusal to allow the defendant to provide substantial assistance resulted in a misapprehension sufficient to allow withdrawal of the plea). But the trial court must have evidence to make this determination of good cause. See Baker v. State, 408 So.2d 686, 687 (Fla. 2d DCA 1982) (holding that the defendant should be permitted to withdraw a guilty plea upon a motion and proof that the plea was entered under a misapprehension); cf. Tanzi v. State, 964 So.2d 106, 114 (Fla.2007) (affirming trial court’s order denying defendant’s motion to withdraw plea because the trial court’s findings were supported by competent, substantial evidence in the record); Elias v. State, 531 So.2d 418, 420 (Fla. 4th DCA 1988) (holding that the defendant was entitled to withdraw his guilty plea in light of evidence that he misunderstood the nature and scope of the substantial assistance agreement).
There was no evidence in the record before the trial court to substantiate Ms. Rivera’s misapprehension of the effect of her plea and agreement to provide substantial assistance to law. enforcement. Defense counsel’s statements about Ms. Rivera’s misapprehension do not constitute evidence. As this court explained in Molina:
The record before us does not reveal Molina’s understanding, or lack of understanding, of the terms of the substantial assistance agreement at the time of his plea. Although the court carefully inquired [at the time of the plea colloquy] as to Molina’s understanding of other relevant matters, after Molina’s attorney mentioned that this was a cooperation case, the court did not make any inquiry as to the form or contents of the substantial assistance agreement. Consequently, the record does not conclusively establish that Molina understood the terms of the substantial assistance agreement, and therefore, accepting Molina’s allegations as true, the record does not conclusively refute Molina’s allegations. Because the record does not conclusively refute Molina’s allegations, Molina was entitled to an evidentiary hearing. Although the court held a hearing on Molina’s motion, it was not an “evidentiary” hearing as required under the circumstances of this case.
942 So.2d at 1038 (footnote omitted). Thus, the trial court erred in failing to hold an evidentiary hearing to determine if Ms. Rivera could establish good cause to withdraw her plea based on her misapprehension.[3]
*612 Conclusion
Ms. Rivera’s motion to withdraw her plea before sentencing was facially sufficient in claiming an involuntary plea due to misapprehension of its scope, and substantial, competent evidence in the record does not refute this allegation. The trial court should have then granted her an evidentia-ry hearing on her motion and erred in summarily denying her motion. We reverse Ms. Rivera’s convictions and sentences and remand for an evidentiary hearing on her motion to withdraw her plea before sentencing.
KELLY and KHOUZAM, JJ., Concur.

. See Fla. R.Crim. P.3.170(0-

. Ms. Rivera in this appeal raises a second issue about the constitutionality of section 893, Florida Statutes (2011), under which she was charged and convicted. Her argument on that issue has been found without merit by State v. Adkins, 96 So.3d 412 (Fla.2012), so we see no need to discuss it.

. We note that not every motion to withdraw a plea will require an evidentiary hearing. See White v. State, 15 So.3d 833, 835 (Fla. 2d DCA 2009) (holding that if the defendant presents a facially sufficient motion to withdraw plea and the record does not conclusively refute the defendant’s allegations, the trial court must either grant an evidentiary hearing or accept the defendant’s allegations as true); Thompson v. State, 50 So.3d 1208, *612 1211 (Fla. 4th DCA 2010) (affirming the trial court's summary denial of the defendant's motion to withdraw his plea because the record evidence of the defendant’s sworn statements during the plea colloquy refuted his allegation that he did not understand that his sentence included suspension of his driver's license).