IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ROBERT EARL HYPES,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-2599

Opinion filed May 4, 2015.

An appeal from the Circuit Court for Duval County.
Tatiana Salvador, Judge.

Nancy A. Daniels, Public Defender, and Steven L. Seliger, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Jessica Judith DaSilva, Assistant Attorney General, Tallahassee, for Appellee.

CLARK, J.

      Appellant, Robert Earl Hypes, appeals an order of the trial court denying his motion to withdraw a guilty plea filed before sentencing. As we did in his companion case, Hypes v. State, 1D14-2597, we reverse.

The trial court erred when it did not permit Appellant to withdraw his guilty plea before sentencing after Appellant's attorney openly acknowledged – in a written motion and in court – he had provided Appellant erroneous legal advice about the range of prison time Appellant was eligible to receive if he pled guilty.

Mr. Hypes pled guilty to all charges against him. There was no agreement as to his sentence. Defense counsel advised Appellant he faced a minimum of 5 years in prison and a maximum of life in prison. At the later sentencing hearing, Appellant's lawyer saw the scoresheet for the first time. The sentencing scoresheet (which is not in dispute) showed a minimum of 53 years in prison and a maximum of life in prison. Upon the realization that he had misadvised Appellant about the range of prison time Appellant faced, defense counsel urged the trial court to allow Appellant to withdraw his guilty plea because the plea had been entered on erroneous legal advice. Appellant testified that he would have exercised his right to trial and not entered the guilty plea had he known the minimum sentence he was facing was 53 years.

The trial court denied Appellant's motion to withdraw his guilty plea, and instead accepted the State's misguided suggestion that any error made by Appellant when he entered the plea could be remedied by the State "waiving" the minimum sentence of 53 years, and further suggesting the court could consider the bottom range to be 5 years imprisonment. The State argued that because it created

a remedy, it did not matter that Appellant entered the guilty plea on erroneous legal advice.

Rule 3.170(f), Florida Rules of Criminal Procedure, provides "the court may in its discretion, and **shall on good cause**, at any time before a sentence, permit a plea of guilty or no contest to be withdrawn." If the defendant establishes good cause, the court **must** allow the defendant to withdraw the plea. Tanzi v. State, 964 So. 2d 106 (Fla. 2007); Crane v. State, 69 So. 3d 357 (Fla. 2d DCA 2011); and Murray v. State, 36 So. 3d 792 (Fla. 1st DCA 2010). Once good cause is established, the court no longer has discretion to consider the request to withdraw. A showing of good cause "entitles the defendant to withdraw a plea as a matter of right." Tanzi, 964 So. 2d at 113 (quotation omitted). This Court need not consider whether the trial court abused its discretion in denying Appellant's motion to withdraw his guilty plea. The trial court has no discretion to exercise where the defendant established good cause for withdrawing a plea. This case mirrors the Murray case.

The Tanzi court informs us of all we need to know on this topic: what rule applies, how it is to be applied, what factors the trial court must consider. First, the Tanzi court noted that Rule 3.170(f) is to be liberally construed and is intended to be favorable to defendants, noting that the law prefers a trial on the merits. Tanzi, 964 So. 2d at 113; Nicol v. State, 892 So. 2d 1169 (Fla. 5th DCA 2005) (citing

Williams v. State, 762 So. 2d 990 (Fla. 4th DCA 2000)). When a plea is entered under "mental weakness, mistake, surprise, misapprehension, fear, promise, or other circumstances affecting [a defendant's] rights," the trial court should allow the defendant to withdraw the plea. Tanzi, 964 So. 2d at 113 (quotation omitted). Good cause "has been found to exist when the defendant's plea was 'infected by misapprehension, undue persuasion, ignorance, or was entered by one not competent to know its consequence or that it was otherwise involuntary, or that the ends of justice would be served by withdrawal of such plea.'" Crane, 69 So. 3d at 358 (quotation omitted). Appellant's guilty plea based upon flawed legal advice is certainly a plea entered under mistake or misapprehension. This is exactly what happened in Murray.

Because Rule 3.170(f) contemplates a withdrawal of a plea when the defendant was operating under mistake, fear, mental weakness, misapprehension, or ignorance when he or she entered the plea, the determination of whether a plea was knowingly, intelligently, and voluntarily entered must be made as of the time the plea was entered – not weeks later at the sentencing hearing.

Thus, even if well-intentioned, the State's self-styled, ill-conceived "solution" to a situation already covered by rule and decisional law is not acceptable and cannot be approved by this Court. The trial court erred when it

4

denied Appellant's request to withdraw his guilty plea because it was based upon erroneous legal advice.

Accordingly, we reverse and remand for further proceedings.

ROBERTS, J., CONCURS and ROWE, J., CONCURS IN RESULT.